# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-12-00053-001-HE |
| | ) | NO. CIV-16-0142-HE |
| RICHARD ANTHONY TRENT, | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Richard Trent has moved to vacate his sentence pursuant to 28 U.S.C. § 2255. His sentence arises from a 2012 conviction, after a jury trial, for being a felon in possession of a firearm. Trent's lengthy criminal history included prior convictions for possession of methamphetamine with intent to distribute, possession of a precursor to manufacture methamphetamine, and conspiracy to manufacture methamphetamine. These convictions were deemed "serious drug offenses" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), triggering a mandatory minimum 15-year sentence. Trent ultimately received a 196-month prison sentence.

Trent's conviction and sentence were affirmed on appeal to the Tenth Circuit Court of Appeals. United States v. Trent, 767 F.3d 1046 (10th Cir. 2014). The Supreme Court denied certiorari on February 23, 2015. However, in June 2016, that Court decided Mathis v. United States, 136 S. Ct. 2243 (2016), specifically identifying Trent as inconsistent in certain respects with the result reached in Mathis. Id. at 2251, n.1.

Trent filed the present motion *pro se* on February 16, 2016, prior to the decision in Mathis.  However, the court later appointed counsel for Mr. Trent and both he and the government have submitted briefs addressing that decision.

The present motion challenges Mr. Trent's sentence based on Johnson v. United States, 135 S. Ct. 2551 (2016), Alleyne v. United States, 133 S. Ct. 2151 (2013), and Mathis.  He asserts he received ineffective assistance of counsel due to counsel's alleged failure to raise Alleyne-based arguments on direct appeal.

Trent's Johnson claim is easily disposed of.  Under the ACCA, a defendant is deemed an armed career criminal and subject to the 15 year statutory minimum sentence if he has three prior convictions for either a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).  Johnson dealt with what constitutes a "violent felony" and, in particular, whether the "residual clause" portion of the definition of "violent felony" was constitutional.  135 S. Ct. at 2555-56; 18 U.S.C. § 924(e)(2)(B).  It concluded that the residual clause was unconstitutionally vague.  135 S. Ct. at 2557.  But that holding has no bearing on Trent's sentence, because his status as an armed career criminal was not based on having committed violent felonies within the meaning of the residual clause or otherwise.  Rather, each of his three predicate convictions qualified as a "serious drug offense."  As a result, Johnson provides no basis for challenging Mr. Trent's sentence.

Trent's claims under Alleyne also fail.  In Alleyne, the Supreme Court established that a criminal defendant has a right to jury fact-finding on any element that would increase either the maximum or minimum sentences for a given crime.  133 S. Ct. at 2162.  However, it explicitly did not revisit or overrule the Court's decision in

Almendarez-Torres v. United States, 523 U.S. 224 (1998), which held that the existence of a prior conviction which serves as a basis for sentence enhancement, as opposed to some other fact, can be determined by the court rather than a jury. 133 S. Ct. at 2160 n.1. *See also* United States v. Ridens, 792 F.3d 1270, 1274 (10th Cir. 2015) (noting that Almendarez-Torres survived Alleyne). As a result, Mr. Trent's sentence cannot be successfully challenged on the basis that the court, rather than a jury, determined the existence of the prior convictions. Further, his counsel's performance cannot be challenged as ineffective for failing to raise the issue on appeal, if in fact she failed to raise it.[1] To establish ineffective assistance of counsel, Trent must show a reasonable probability that, but for counsel's deficient performance, the result of the appeal would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). There is no basis for such a conclusion here.

Trent's final claim is based on Mathis. Specifically, he argues that his prior conviction for conspiracy to manufacture methamphetamine does not qualify as a proper predicate offense because the Oklahoma conspiracy statute under which he was convicted embraces more than the generic federal offense, the statute is not divisible, and that, in light of Mathis, the court cannot employ the modified categorical approach to examine the underlying facts and determine the nature of the offense. While the appropriate disposition of this challenge is less clearcut, the court nonetheless concludes Mathis does not require granting Mr. Trent's motion.

---

[1] *The government suggests that Trent's counsel did, in fact, raise the Alleyne issue on appeal, both by oral argument and in a supplemental letter. It is unnecessary to resolve any question as to that here, in light of the court's other conclusions as to the Alleyne claim.*

Mathis addressed the standards for determining whether a prior conviction may qualify as a "violent felony" for ACCA purposes. Broadly summarized, it confirms that a sentencing court must use the "categorical" approach to determining whether the prior offense falls wholly within the parameters of the "generic," or commonly understood, definition of the offense, hence qualifying it as proper predicate offense for ACCA purposes. The categorical approach focuses solely on the elements of the crime of conviction and ignores the underlying facts of the case. Those "elements" are ordinarily based on the language of the statute involved, as interpreted by the courts of the particular jurisdiction.

Examination of the statute of conviction will often end the issue, allowing the "elements" of the offense to be determined from that inquiry alone. But in some circumstances, the statute of conviction is more complicated, potentially involving alternative elements and multiple crimes. 136 S. Ct. at 2249. In appropriate circumstances, those statutes are viewed as "divisible." And in analyzing a divisible statute, the court employs the "modified categorical approach" in identifying the elements of the offense of conviction.

A statute is considered "divisible" when it provides for alternative ways to violate the statute—when the statute's "disjunctive phrasing renders one (or more) of [the crime's elements] opaque." *Id*. at 2253 (citing Descamps v. United States, 133 S. Ct. 2276, 2285 (2013)). In that situation, courts may look to the underlying state record to determine whether the specific elements that led to the defendant's conviction match the

elements of the generic version of that crime. But the modified categorical approach does not apply when a statute merely sets out alternative *means* to commit one crime. Id.

As an initial matter, the court concludes, with some hesitation given the relatively unique procedural circumstances, that defendant's Mathis claim is not even properly before the court. The government invokes the general rule, sometimes referred to as the "law of the case" rule, that: "Absent an intervening change in the law of the circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989). "The intervening change in the law must be retroactively applicable to cases on collateral review." United States v. Walters, 163 F. App'x 674, 678 (10th Cir. 2006) (citing United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005)). And it is clear enough that Mathis did not announce a new rule of constitutional law that is retroactive in collateral proceedings. Mathis, 136 S.Ct. at 2251; United States v. Taylor, ___Fed. Appx. ___, 2016 WL 7093905 at *5 (10th Cir. Dec. 6, 2016). So unless § 2255 or some other statute provides a basis for relief here, Mr. Trent is simply stuck with the result of his direct appeal even if it is arguably wrong based on later, more definitive constructions of the ACCA by the Supreme Court.

The Tenth Circuit has observed that:

"In § 2255, Congress has guaranteed every federal prisoner, after a trial and appeal, one additional adequate and effective opportunity to pursue any argument he wishes against his conviction or sentence, so long as it is brought within the applicable limitations period."

5

Prost v. Anderson, 636 F.3d 578, 597 (10th Cir. 2011). And that latter phrase—"within the applicable limitations period"—is the problem for Mr. Trent.[2]

Mr. Trent's § 2255 motion was filed within one year of the date on which his petition for certiorari was denied, and that makes his motion timely as to the matters then embraced by it. But Mathis was not even decided at the time the motion was originally filed and, obviously, no Mathis claim was included at that point. Rather, after counsel was appointed for Mr. Trent, he sought leave to file an amended motion, which the court allowed. [Docs. #91, 92]. The motion for leave referenced Johnson, but did not mention Mathis. The court then granted leave specifically directed to the submission of an amended claim under Johnson, with no mention of Mathis. [Doc. #92]. It was in the amended motion that the first mention of Mathis appeared. The result is that the Mathis claim was raised <u>after</u> expiration of the one year limitations period apparently applicable here.[3] While Mr. Trent's persistence in pursuing this claim and the relatively short period by which he missed the one year limitation puts him in a more sympathetic posture than many movants, he is nonetheless in the same general circumstance as those persons trying to apply Mathis to a ten or fifteen year old claim—something the courts will not do. Taylor, 2016 WL 7093905 at *5.

---

[2] *The motion does <u>not</u> suffer from the common problems that often preclude relief pursuant to § 2255. This is not a situation where a defendant fails to raise an argument on direct appeal and then attempts to revive it later by motion. Mr. Trent asserted roughly the same challenge as he raises here in his direct appeal.*

[3] *The assertion of an additional claim may also implicate the rule against second and successive petitions, as it "seeks to add a new claim or to insert a new theory into the case," and therefore does not relate back to the original filing. See Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001)(outlining when an amendment to a habeas action relates back; see also Buchanan v. Lamarque, 121 F. App'x 303, 314-15 (10th Cir. 2005) (amendments that do not relate back must be treated as successive or second habeas petitions).*

6

The court concludes, however, that the questions of timeliness and related matters are sufficiently unusual and close that it is appropriate to also address the substantive merits of the motion, in the event that further review by the appellate courts resolves the procedural issues differently.

As a threshold matter, the court concludes the Oklahoma statute at issue here, 21 OKLA. STAT. § 421, is divisible. The Tenth Circuit reached that conclusion on direct appeal, but its conclusion was based, at least in part, on its suggestion that alternative means of violating a statute make it divisible.[4] Mathis rejected that rationale. Mathis did not, however, reject or consider the balance of Trent's reasoning, which focused on whether "conspiracy" and "attempt" statutes should be, by their nature, considered divisible. Such statutes necessarily rely on other statutes to identify the elements of—not the means of committing—the offense. The Circuit opinion alluded to James v. United States, 550 U.S. 192 (2007), noting that the Supreme Court, while not addressing "divisibility" directly, had not been reluctant in that case to analyze the underlying charging documents in determining the nature of a conviction under Florida's general attempt statute. Trent, 767 F.3d at 1056. Mathis, of course, did not involve either an "attempt" statute or a "conspiracy" statute,[5] and there is nothing in Mathis to suggest that Trent's reasoning is wrong in determining the divisibility of such statutes based on their "incorporating" nature. To the contrary, Mathis cited James with approval, suggesting

---

[4] Trent, 767 F.3d at 1055 ("If another provision of that state's criminal code defines 'weapon' as a 'gun, knife, or bat,' then the definition of the crime contains a list of alternatives. In our view, such a statute is divisible").
[5] The predicate offense in Mathis was burglary.

7

that its reasoning was not somehow inconsistent with the reasoning of Mathis. 136 S. Ct. at 2252. In short, the court concludes the Circuit's reasoning in Trent, to the extent it focused on the "incorporating" nature of attempt or conspiracy statutes, is not inconsistent with Mathis and supports a conclusion that the conspiracy statute involved here is divisible.[6]

Having concluded that 21 OKLA. STAT. § 421 is "divisible" for ACCA purposes, the modified categorical approach can be employed. But as Mathis makes clear, that analysis of the underlying record documents is only to identify the elements of the crime of conviction, not the means by which it was committed.

Here, examination of the underlying documents shows the conspiracy of which Trent was convicted to have involved, or had as its object, the manufacture of a controlled dangerous substance. As the Tenth Circuit noted in Trent:

> The amended information to which he pleaded listed the charge as "conspiracy to manufacture a controlled dangerous substance" and stated that Defendant "conspire[ed] and agree[d] … to commit the crime of Manufacture of Methamphetamine."

767 F.3d at 1057. There is no apparent basis upon which the elements of that underlying offense could be deemed to be outside the definition of "serious drug offense" as defined in the ACCA, and defendant does not argue otherwise. He does argue that the court's analysis should be purely at the "conspiracy" level, rather than identifying the object or

---

*[6] And, as the Circuit also suggested, any other conclusion would effectively mean that a general attempt or conspiracy statute could never be a predicate offense for ACCA purposes. Such a conclusion seems plainly at odds with Congress' intent in defining predicate offenses, and there is no apparent reason why the Sixth Amendment would compel such a conclusion.*

8

focus of the conspiracy. But, as discussed above, neither <u>Mathis</u> nor the nature of the inquiry here prevent the court from examining the underlying documents to determine the elements of the incorporated crime.

In any event, the court concludes <u>Mathis</u> is not a basis for granting the current motion.

Trent's claims under <u>Johnson</u>, <u>Alleyne</u>, and <u>Mathis</u> do not warrant relief. Therefore, the motion to vacate sentence [Doc. #83] is **DENIED**.

**IT IS SO ORDERED**

Dated this 28th day of December, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE